[Cite as *State v. Olmos-Silva*, 2026-Ohio-2682.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 12 0116 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 25 CRI 02 0112 |
| CRISPULO OLMOS-SILVA, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: July 13, 2026 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, Delaware County Prosecuting Attorney by KATHERYN L. MUNGER, for Plaintiff-Appellee; JONATHAN W. KLEIN, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}** Defendant-Appellant, Crispulo Olmos-Silva, ("Appellant") appeals from the judgment of the Delaware County Court of Common Pleas finding him guilty of burglary and sentencing him to four to six years in prison. For the reasons below, we AFFIRM.

## BACKGROUND FACTS

**{¶2}** On December 2, 2022, a residential burglary occurred in Powell, Ohio, Delaware County. Appellant broke a window to the home, entered the residence, and took various items belonging to the homeowners, including a Prada purse valued at approximately

$4,500. Thereafter, in a separate case in another jurisdiction, DNA was collected during a burglary investigation that ultimately matched Appellant's DNA. The DNA connected Appellant to the Powell burglary. Based upon that information, Appellant was charged with burglary, a felony of the second degree, and an additional count that was later dismissed pursuant to a plea agreement. Appellant initially pled not guilty.

{¶3} Appellant is a citizen of Chile and does not read or write English fluently. A certified Spanish interpreter was utilized throughout the trial court proceedings and Appellant was appointed a Spanish speaking attorney. On August 25, 2025, after plea negotiations, an initial change of plea hearing was held. The State offered a recommended sentence of three years in prison. In exchange, the State agreed to dismiss Count Two of the indictment and to remain silent at sentencing, other than provide information regarding Appellant's criminal history. However, Appellant declined to enter the anticipated guilty plea. Defense counsel stated that the parties reached a plea agreement but because it was not yet finalized Appellant would not enter his plea that day. The State informed Appellant and his counsel that any prior offer was null and void but agreed to hold the current offer open for approximately one week for Appellant to reconsider. The trial court subsequently scheduled the matter for a jury trial, and established a deadline of October 6, 2025, to enter any plea.

{¶4} On October 2, 2025, before the plea deadline but well beyond one week after the initial plea hearing, Appellant decided to plead guilty. On October 14, 2025, the second change of plea hearing took place. The State stated on the record that the three-year sentence recommendation was no longer available. The court explained the potential penalties associated with the offense, including the indefinite sentencing structure applicable to second-degree felonies. The court clearly informed Appellant that sentencing would be up to the

court and if the court did not follow a particular recommendation, that was not a basis to withdraw his guilty plea. Sent. Tr., at p. 15.

**{¶5}** Appellant stated he understood and tendered his guilty plea both orally and in writing. Appellant was provided a Spanish copy of the plea form, he discussed his rights and the consequences of the plea with his attorney, and the certified Spanish interpreter was present. Change of Plea 2 Tr., p. 8. Appellant admitted that on the day in question he broke a window, entered the residence, and placed items into a pillowcase before fleeing from the home after the alarm system was triggered. The trial court accepted the guilty plea, found Appellant guilty of burglary, and dismissed Count Two of the indictment.

**{¶6}** Subsequently, at the sentencing hearing, Appellant personally addressed the court and apologized to the victims. Appellant and his counsel indicated that they believed the original joint recommendation for three years in prison was still in effect. The trial court clarified that the plea agreement only required the State to stand silent at sentencing and that the ultimate sentence remained entirely within the court's discretion, as was discussed at the change of plea hearing. The court ultimately sentenced Appellant to 4-6 years in prison with 175 days of jail time credit.

## ASSIGNMENTS OF ERROR

**{¶7}** "I. THE PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY ENTERED BECAUSE THE RECORD DEMONSTRATES CONFUSION AND INCONSISTENCY REGARDING THE PLEA AGREEMENT AND SENTENCING EXPECTATIONS."

**{¶8}** "II. THE TRIAL COURT ERRED BY RELYING ON UNPROVEN ALLEGATIONS OF OTHER CRIMINAL CONDUCT WHEN IMPOSING SENTENCE, IN VIOLATION OF THE SENTENCING PRINCIPLES SET FORTH IN R.C. 2929.11 AND R.C. 2929.12."

### Crim.R.11 - Guilty Pleas

**{¶9}** In his first assignment of error, Appellant claims his plea was not knowingly, intelligently and voluntarily made because Appellant was confused about the sentence he would receive.  We disagree.

**{¶10}** When reviewing a plea's compliance with Criminal Rule 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,* 2020-Ohio-1507, ¶ 9 (8th Dist.) *State v. Groves,* 2019-Ohio-5025, ¶ 7 (5th Dist.).  This Court has emphasized:

> The entry of a guilty plea is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. See *Machibroda v. United States*, 368 U.S. 487 (1962). A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime."
>
> *State v. Hinkle*, 2024-Ohio-5499, ¶¶ 24-25 (5th Dist.), *appeal not allowed,* 2025-Ohio-857, citing *United States v. Broce*, 488 U.S. 563, 570 (1989).

As such, guilty pleas must be knowingly, intelligently and voluntarily made otherwise the plea is invalid.  *Hinkle*, ¶¶ 24-25.  Crim. R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote

contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶11}** Thus, before accepting a felony plea, the court must orally advise a defendant that the plea waives: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the right to compulsory process to obtain witnesses; (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination." *State v. Veney*, 2008-Ohio-5200, ¶ 31. When a trial court fails to strictly comply with this duty, a defendant's plea is invalid. *Id.*

**{¶12}** For non-constitutional rights, the trial court must "substantially comply," provided no prejudicial effect occurs before a guilty plea is accepted. *State v. Stewart*, 51 Ohio

St.2d 86 (1977); *State v. Nero*, 56 Ohio St.3d 106 (1990); *State v. Schultz*, 2013-Ohio-2218 (5th Dist.). The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶ 19-26 (finding that defendant's plea was not knowing and voluntary).

{¶13} Substantial compliance means that, under the totality of the circumstances, a defendant subjectively understands the implications of his plea and the rights he is waving. *State v. Hendershot,* 2017-Ohio-8112, ¶¶ 26-27 (5th Dist.); *Hinkle,* ¶¶ 24-25 (stating the trial court need only "substantially comply" with the rule when dealing with the *non-constitutional* elements of Crim.R. 11(C), citing *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977).

{¶14} Here, the change of plea hearing transcript reveals the trial court fully complied with Crim. R. 11(C)(2) and informed Appellant of each constitutional and non-constitutional right he was waiving by pleading guilty. As stated, Appellant's counsel was fluent in Spanish, a certified Spanish interpreter was present throughout the trial court proceedings, and his waiver form was provided in Spanish. The trial court informed Appellant regarding the maximum penalties for his offense, even providing examples so Appellant clearly understood the possible "range," and expressly stated that it was not required to follow any joint recommendation by the State. Appellant was present when the prosecutor explained the substance of the negotiations and offers in open court, Appellant discussed his options with

his counsel, and the court discussed the consequences of a plea and guilty verdict, including that Appellant risked deportation and exclusion from reentry to the United States. The court fully discussed post-release control and gave Appellant the opportunity to speak to the court.

{¶15} The court asked Appellant "[h]as anybody threatened you to get you to plea?" Plea Tr., pp. 7, 11. The interpreter replied "No, no, no one, no." *Id.* Appellant also executed a waiver of rights form after his counsel went over the document with him. *Id.* at 8. Although Appellant now argues he misunderstood the expected sentence, and said misunderstanding invalidates his plea, it is clear that Appellant made an informed plea, with full knowledge of the consequences. See *State v. Stumpf,* 32 Ohio St.3d 95, 104, (1987). The following exchange took place at the change of plea hearing:

THE COURT: Okay. So do you understand that when it comes time for sentence, I'll listen to everybody's recommendations, but, at the end of the day, sentencing is completely up to me? And as long as I sentence you for what's available for a felony of the second degree, you cannot withdraw your guilty plea simply because I did not follow any one person's recommendation; do you understand that?

THE INTERPRETER: I just hope that you'd be a little bit more understanding of my case, Your Honor.

THE COURT: Okay. I understand, but you do understand that when it comes time for sentencing, again, I don't have to follow anybody's recommendation?

THE INTERPRETER: I know, Your Honor.

Plea Tr., p. 15.

**{¶16}** Thus, while Appellant is now disappointed, there was no confusion on the record at the time of his guilty plea. The following exchange at the subsequent sentencing hearing provides further evidence that Appellant and his counsel knew the sentence was not guaranteed:

MS. OSORIO JONES: Thank you, Your Honor.

I think some of the confusion and disappointment on our end, Your Honor, is because originally we did have a plea agreement where we were making a recommendation. We did appear that day and were not able to proceed. At that time, I do believe it was the decision of another colleague to take that opportunity off the table.

THE COURT: Okay.

MS. OSORIO JONES: And so that's where we are today with the State remaining silent and having understood of course that the sentence was always at the Court's discretion, we were never guaranteed those three years.

THE COURT: Right.

Sentencing Tr., p. 17.

**{¶17}** Moreover, it is well-settled in Ohio that a trial court is not bound by plea agreements, including a jointly recommended sentence. *State v. Elliott,* 2021-Ohio-424, ¶ 8 (1st Dist.); *State v. Jefferson*, 2012-Ohio-148, ¶ 50 (5th Dist.). "A trial court is not bound to follow a sentence that has been jointly recommended by the parties." *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58 (2006). A "recommended" sentence is just as it sounds: "a nonbinding recommendation to the court, which the court is not required to accept or comment on." *State v. Link*, 2022-Ohio-2067, ¶ 54 (5th Dist.), quoting *State v. Harvey*, 2019-

Ohio-715, ¶ 7 (8th Dist.); *State v. Vandyne*, 2022-Ohio-2640, ¶ 15 (5th Dist.) (trial courts may reject plea agreements and are simply not bound by a jointly recommended sentence). The court is free to impose a greater sentence than recommended or agreed to by the State as long as the defendant is warned of the applicable maximum penalties and the sentencing court was itself not a party to the agreement. *State v. Curtis*, 2019-Ohio-2587, ¶ 18 (5th Dist.); *State ex rel. Sakalosh v. Durkin,* 2009-Ohio-1512, ¶ 8 (7th Dist.).

{¶18} The trial court complied with its duty and warned Appellant regarding the potential penalties associated with his crime and his plea of guilty. Appellant was provided with all the necessary protections to ensure he understood what was happening and to what he was pleading. There is nothing in the record to suggest that Appellant's guilty plea was anything but knowingly, voluntarily, and intelligently made. As such, Appellant's first assignment of error is overruled.

### SENTENCING

{¶19} In his second assignment of error, Appellant argues that it was improper for the court at sentencing to reference *pending* criminal charges in other states and conclude that the Appellant had been involved in a string of burglaries in various jurisdictions. Appellant claims that these unproven allegations of other criminal conduct were improperly considered. Again, we disagree.

{¶20} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶21}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Hinkle*, ¶¶ 7-8, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶22}** Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *Hinkle*, ¶ 9.

Only if a trial court imposes a sentence based on factors or considerations extraneous to those permitted by R.C. 2929.11 and 2929.12, is the sentence contrary to law. *Id.*

**{¶23}** More specifically, the court must consider additional factors concerning the seriousness of the specific offense, compared to conduct normally constituting the offense, and factors indicating whether the offender is likely to commit future crimes. R.C. 2929.12(B)-(E). A sentence is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range. *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.). Thus, a trial court has discretion to impose a sentence within the statutory range, and is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.).

**{¶24}** A review of the sentencing transcript reveals that the trial court acted appropriately in sentencing Appellant. The burglary carried a presumption of prison, with a minimum of two years and a maximum of eight years. As stated above, Appellant was sentenced to 4 to 6 years in prison, more than the minimum but less than the maximum with the opportunity for release in only 4 years. The court stated:

> I am mindful that this is a felony of the second degree that carries a presumption
>
> for prison, but I have read everything that's been given to the Court in regards
>
> to the PSI * * * I've also considered the purposes and principles of felony
>
> sentencing under 2929.11. I do see as my primary purpose the need to protect

the public and to punish the Defendant. I'm mindful that any sentence I order must also deter future conduct by the Defendant and by others, the need to rehabilitate the Defendant using minimum sanctions necessary while not imposing an unnecessary burden on governmental resources. * * * I've also considered the seriousness and recidivism factors outlined in 2929.12. * * * And certainly the Court has before it somebody who does have some criminal history. * * * And that he does have a burglary of a dwelling out of Hamilton County, Indiana, that event occurred after this event but he was sentenced on that matter first. And then there are pending burglaries in * * * So as to recidivism factors, it does appear that the Defendant has at least some prior criminal history with a failure to respond favorably to sanctions for criminal convictions * * * .

Sentencing Tr., pp. 9-11.

The court reiterated the purposes and principles of sentencing in its corresponding Sentencing Judgment Entry, dated November 24, 2025.

**{¶25}** While the court mentioned the pending burglary charges, said charges were included in the PSI report (that the court must consider), were properly in the record, and the PSI was disclosed to Appellant prior to sentencing. Further, at the earlier plea hearing, Appellant disclosed he was on probation in the State of Connecticut. Appellant's counsel also referred to the pending charges at the sentencing hearing when requesting the two-year minimum. Counsel stated: "[o]ne of the reasons we're asking the Court to impose the minimum two years in this case, Your Honor, is because of the fact that we have matters in other jurisdictions. We certainly owe the State of Ohio as my client acknowledges penance.

But we also have other states that we'd like to account for and it's my understanding that ICE is already looking at us for the future." Sentencing Tr., p. 8.

**{¶26}** The court considered Appellant's criminal history and pending charges as they relate to recidivism under R.C. 2929.12. The court recited the conviction in Indiana and acknowledged on the record that some other cases were still "working through the system." *Id.*, p. 11. Thus, the record demonstrates that the judge did not give undue or improper weight to pending charges. Rather, the court properly weighed the sentencing factors and principles and exercised its discretion in imposing a sentence authorized by statute. Thus, the record clearly and convincingly supports Appellant's sentence. Accordingly, Appellant's second assignment of error is overruled.

## CONCLUSION

**{¶27}** Appellant's first and second assignments of error are overruled, and the judgment of the Delaware County Court of Common Pleas is affirmed.

**{¶28}** Costs to Appellant.

By: Montgomery, J.
King, P.J. and
Popham, J. concur.